UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELORES PERCHA,

    Plaintiff,

v.

Civil Case No. 18-11221
Honorable Linda V. Parker

CABELA'S LLC, f/k/a
CABELA'S INC.,CAPITAL
ONE BANK, NA, and FLAGSTAR
BANK FSB,

    Defendants.
_____/

## **OPINION AND ORDER OF DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b)**

Plaintiff filed this lawsuit against Defendants in Michigan state court on January 12, 2018. Defendant Cabela's LLC removed the action to federal court on April 17, 2018, asserting original jurisdiction under 28 U.S.C. § 1331. Defendants Cabela's LLC ("Cabela's") and Capital One Bank ("Capital One") thereafter filed answers to Plaintiff's Complaint. On August 7, 2018, the Court ordered Plaintiff to show cause in writing by August 14, 2018 why the case should not be dismissed as to Defendant Flagstar Bank due to Plaintiff's failure to prosecute. When Plaintiff failed to respond to the show cause order, the Court dismissed Plaintiff's claims against Flagstar Bank without prejudice.

On August 20, 2018, the Court issued a notice setting a telephonic scheduling conference in this matter for September 20, 2018. Two days before the conference, Cabela's and Capital One filed a notice indicating that their counsel had made several attempts to engage Plaintiff's counsel in a conference pursuant to Federal Rule of Civil Procedure 26 in preparation for the scheduling conference. Cabela's and Capital One represented that Plaintiff's counsel had failed to respond. Plaintiff's counsel also failed to appear at the telephonic scheduling conference on September 20, 2018.

The Court therefore entered a second order requiring Plaintiff to show cause in writing as to why this action should not be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Court specifically warned Plaintiff that the failure to respond may result in dismissal of this action without further notice. The deadline for Plaintiff to respond to the show cause order was October 19, 2018. That deadline has passed without Plaintiff responding.

The Sixth Circuit has identified four factors for a court to consider in deciding whether to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic

>sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). "'Although typically none of the factors is outcome dispositive, … a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Shafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Knoll*, 176 F.3d at 363.

There must be "'a clear record of delay or contumacious conduct.'" *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (quoting *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997)). Contumacious conduct is "behavior that is 'perverse in resisting authority' and 'stubbornly disobedient.'" *Id*. at 704-05 (quoting *Schafer*, 529 F.3d at 737) (additional quotation marks and citation omitted). "The plaintiff's conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings." *Id*. at 705 (additional quotation marks and citation omitted).

Here, the record demonstrates such delay. As detailed above, Plaintiff has ignored these proceedings and the Court's orders at least since the removal of the action to federal court on April 17, 2018. Based on the number of warnings given to Plaintiff, the third factor also clearly weighs in favor of dismissal. Because Plaintiff has continuously disregarded the Court's orders despite being forewarned

that doing so could lead to dismissal of this action, the Court sees no utility in considering or imposing lesser sanctions.

In short, taken together, the relevant factors support dismissal of this lawsuit with prejudice for failure to prosecute.

Accordingly,

**IT IS ORDERED** that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** under Rule 41(b).

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 8, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 8, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager